UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KEVIN T. KELLY,<br><br>                      Plaintiff,<br><br>v.<br><br>CITY OF POWAY, a municipal corporation,<br><br>                      Defendant. | Case No.: 18-CV-2615 JLS (WVG)<br><br>**ORDER (1) GRANTING MOTION FOR LEAVE TO AMEND COMPLAINT; (2) DENYING AS MOOT MOTION TO DISMISS; AND (3) DENYING AS MOOT EX PARTE MOTION TO BE HEARD**<br><br>(ECF Nos. 10, 22, 30) |

Presently before the Court is Plaintiff Kevin T. Kelly's Motion for Leave to Amend and Supplement Complaint ("Mot.," ECF No. 30). Also before the Court are Defendant City of Poway's Response in Opposition to ("Opp'n," ECF No. 34) and Plaintiff's Reply in Support of ("Reply," ECF No. 35) the Motion. After reviewing the Parties' arguments and the law, the Court **GRANTS** Plaintiff's Motion for Leave to Amend.

## BACKGROUND

This case came before the Court on November 15, 2018, when Plaintiff, at that time proceeding pro se, filed his original complaint against the City of Poway alleging violations of the Clean Water Act and the Endangered Species Act. *See generally* ECF No. 1. The

original complaint was based on Plaintiff's July 27, 2018 Notice of Violation letter sent to the City. *See* ECF No. 1-2. Before Defendant responded to the original complaint, Plaintiff filed a second Notice of Violation letter on November 5, 2018. *See* ECF No. 6, Ex. 1. Plaintiff then filed the operative First Amended Complaint ("FAC") on January 7, 2019, which included the additional facts and claims in the November Notice of Violation letter. *See* ECF No. 6. Defendant filed a motion to dismiss the FAC, ECF No. 10, and the Parties completed briefing on the motion. *See* ECF Nos. 16, 20. On May 24, 2019, before the Court ruled on Defendant's Motion, Plaintiff sent a third Notice of Violation letter to the City. *See* ECF No. 30-9.

On July 25, 2019, counsel for Plaintiff appeared in this case. ECF No. 23. On the same day, Plaintiff filed a motion to supplement his pleadings under Federal Rule of Civil Procedure 15(d). ECF No. 24. Because Plaintiff sought to "add factual allegations concerning events that occurred . . . before . . . he filed the original complaint," the Court held that Rule 15(d) was not the "proper vehicle for Plaintiff to alter his pleadings" and denied the motion. ECF No. 29 at 1–2 (quoting *Rovai v. Select Portfolio Servicing, Inc.*, 2019 WL 1779586, at *3 (S.D. Cal April 23, 2019)). In the Order denying that motion, the Court noted that it would "entertain a properly filed motion under Rule 15(a) to amend the complaint." *Id.* at 2. Plaintiff then filed the present Motion for Leave Amend.

## LEGAL STANDARD

Under Federal Rule of Civil Procedure 15(a), a plaintiff may amend their complaint once as a matter of course within specified time limits. Fed. R. Civ. P. 15(a)(1). "In all other cases, a party may amend its pleading only with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2). Courts generally grant leave to amend absent a showing of "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, [or] futility of amendment." *Foman v. Davis*, 371 U.S. 178, 182 (1962). "Rule 15(a) 'is to be applied with extreme liberality,' and whether to permit

amendment is a decision 'entrusted to the sound discretion of the trial court.'" *EFG Bank AG, Cayman Branch v. Transamerica Life Ins. Co.*, No. 216CV08104CASGJSX, 2019 WL 5784739, at *3 (C.D. Cal. Nov. 4, 2019) (quoting *Morongo Band of Mission Indians v. Rose*, 893 F.2d 1074, 1079 (9th Cir. 1990); *Jordan v. Cty. of Los Angeles*, 669 F.2d 1311, 1324 (9th Cir. 1982)).

## DISCUSSION

Plaintiff requests to amend his First Amended Complaint to include additional facts and claims contained in his May 24, 2019 60-day Notice of Violation letter. Mot. at 12–13. This additional information pertains to alleged violations of the Clean Water Act occurring in 2017 and 2019. *Id.* at 13. Plaintiff contends that the proposed amendment is not made in bad faith because it is in response to additional facts learned since filing the complaint as well as responding to specific arguments in Defendant's motion to dismiss. *Id.* at 14. Further, Plaintiff contends that there is no prejudice to Defendant because of the early stage of this litigation, *id.* at 15, and that the amendment would not be futile because the proposed amended complaint could withstand a motion to dismiss. *Id.* at 15–24.

Defendant opposes the motion on two grounds. First, Defendant argues that granting leave to amend would prejudice Defendant because it has already filed a motion to dismiss. Opp'n at 5–8. Defendant contends that it has spent considerable time and resources drafting the motion to dismiss and thus allowing amendment and having to refile that motion would cause prejudice. *Id.* at 6. The Court finds Defendant has failed to meet its burden to show prejudice. *See DCD Programs, Ltd. v. Leighton*, 833 F.2d 183, 190 (9th Cir. 1987) (noting that party opposing amendment "bears the burden of showing prejudice"). Plaintiff's motion was filed very early in this litigation; Defendant has not filed an answer and discovery not begun. While Defendant has filed a motion to dismiss and may have spent considerable time and costs to draft the motion, Defendant "cite[s] no case holding that prejudice should be measured by litigation expenses incurred before a motion to amend is filed." *Owens v. Kaiser Found. Health Plan, Inc.*, 244 F.3d 708, 712 (9th Cir. 2001). Moreover, Defendant has failed to show that the time and cost spent filing

the motion to dismiss would be completely wasted if the Court grants leave to amend. Defendant may refile its motion and presumably raise many of the same arguments again. The Court therefore finds Defendant has failed to show prejudice to warrant denying leave to amend.

Second, Defendant contends that Plaintiff's proposed amended complaint confuses the issues in this litigation. *Id.* at 8–9. Defendant argues that the proposed second amended complaint "unnecessarily complicate[s] an already complicated pleading." *Id.* at 8. Defendant also takes issue with Plaintiff captioning the proposed second amended complaint as a "supplemental pleading." *Id.* The Court cannot agree that this warrants denial of leave to amend. The Court finds the additional facts and claims to be substantially related to those already in the FAC. And considering all the claims at once would be most efficient for the Court. This contention therefore does not weigh in favor of denying leave to amend.

In sum, the Court finds Defendant has not shown there to be any undue prejudice, or that there is any bad faith or undue delay on the part of Plaintiff. The Court therefore finds leave to amend appropriate. *See Eminence Capital, LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1052 (9th Cir. 2003) ("Absent prejudice, or a strong showing of any of the remaining *Foman* factors, there exists a presumption under Rule 15(a) in favor of granting leave to amend.").

## CONCLUSION

Based on the foregoing, the Court **GRANTS** Plaintiff's Motion for Leave to File his Second Amended Complaint (ECF No. 30). The Court makes clear that it grants the motion only under Rule 15(a), not Rule 15(d). The Second Amended Complaint is now the operative complaint and will supersede the prior complaint for all purposes. For this reason, the Court **DENIES AS MOOT** Defendant's Motion to Dismiss (ECF No. 10) and Plaintiff's *ex parte* Motion to be Heard (ECF No. 22). Plaintiff **SHALL FILE** the

///

///

4

18-CV-2615 JLS (WVG)

proposed Second Amended Complaint within seven days of the electronic docketing of this Order.

**IT IS SO ORDERED.**

Dated: February 7, 2020

Hon. Janis L. Sammartino
United States District Judge