Kevin T. Kelly
2669 Hamilton Avenue
El Centro, California 92243
Tele: (310) 709-5935
Email: ktkelly@me.com

KEVIN T. KELLY
*Pro Se* Plaintiff

FILED
JUN 07 2022
CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
BY ___GGV___ DEPUTY

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KEVIN T. KELLY,<br><br>　　　　Plaintiff,<br><br>v.<br><br>CITY OF POWAY, a municipal corporation,<br><br>　　　　Defendant. | Case No: 18cv2615 JO (DEB)<br><br>**NOTICE OF MOTION AND MOTION FOR LEAVE TO AMEND THIRD AMENDED COMPLAINT AND REQUEST FOR FINAL JUDGMENT OF DISMISSAL**<br><br>Fed. R. Civ. P. 15(a)(2)<br>Fed. R. Civ. P. 58<br><br>Date: August 10, 2022<br>Time: 09:00 a.m.<br><br>Judge Jinsook Ohta<br>Courtroom 4C |

///

///

///

///

///

TO ALL PARTIES AND THEIR COUNSEL OF RECORD:

NOTICE IS HEREBY GIVEN THAT on August 10, 2022 at 09:00 a.m. or as soon as the matter may reasonably be heard, before the Honorable Jinsook Ohta, in Courtroom 4C of the United States District Court for the Southern District of California, 221 West Broadway, San Diego, California 92101, Plaintiff Kevin T. Kelly moves this Court for leave to amend his Third Amended Consolidated Complaint, pursuant to Fed. R. Civ. P. 15(a)(2), to drop the remaining claims that this Court did not dismiss in its May 13, 2022 Order (ECF 59). Plaintiff also moves this Court to enter final judgment on all other claims that were dismissed by this Court in its May 13, 2022 Order.

This motion is based upon this Notice of Motion and Motion, the accompanying Memorandum of Points and Authorities, and upon such other matters as may be presented to the Court at the hearing.

DATED: June 7, 2022

By: _____
KEVIN T. KELLY
*Pro Se* Plaintiff

# **MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF**

# **MOTION FOR LEAVE TO AMEND**

I.  INTRODUCTION

Pursuant to Federal Rule of Civil Procedure 15, Plaintiff Kevin T. Kelly respectfully requests leave to amend his Third Amended Consolidated Complaint in the above-captioned case. Plaintiff respectfully requests that this Court grant leave to amend Plaintiff's Third Amended Complaint (TAC) to drop the three claims remaining after the prior court dismissal of Plaintiff's TAC as described in the Court's May 13, 2022 Order (ECF 59). Plaintiff voluntarily moves to remove the following three claims: 1) that Poway has violated the Permit by failing to obtain a Waste Discharge Requirement for Pipperin Crossing (a portion of Claim 6); 2) that Poway violated Permit Section E.3.a.(1) by failing to properly implement required BMPs (a portion of claim 7); and 3) that Poway violated the ESA by cutting the Del Mar Manzanita (a portion of claim 8). Plaintiff files this motion to amend/voluntary dismissal of the remaining claims in order to obtain a final judgment of the Court's dismissal of all other claims in his TAC as described in this Court's May 13, 2022 Order (ECF 59).

II.  STATEMENT OF FACTS

This action arises out of the unlawful pollution of Warren Canyon and Lake Poway caused by Defendant City of Poway and the residents of Warren Canyon upstream of Lake Poway within city limits. The City of Poway is operator of Lake

Poway and the upstream portion of the City's municipal separate storm sewer system (MS4) including Warren Crossing, which is a manmade dirt road that runs across Warren Creek and leads to the famous peak of Mount Woodson and Potato Chip Rock, and Fisherman's Footbridge, which is part of an unpermitted trail located at the mouth of Warren Creek and within the outskirts of the reservoir. Defendant has operated the Lake Poway Recreational Area, Warren Crossing, and Fisherman's Footbridge, in violation of the Clean Water Act (CWA), 33 U.S.C. § 1251 et seq, by: failing to obtain valid permits from the United States Army Corps of Engineers ("Army Corps" or "Department of the Army") for dredge and fill activities within the Army Corps' jurisdiction, including stream crossings on City land and its boat dock recently rebuilt over Lake Poway, which was accepted as completed and finalized by Poway's City Council on November 21, 2017; failing to comply with the City of Poway's Regional MS4 Permit, Order No. R9-2013-0001, as amended by Order Nos. R9-2015-0001 and R9-2015-0100 (2013 MS4 Permit) and its discharge prohibitions and limitations and its water pollution control requirements for all development projects; failing to obtain water quality certifications/waste discharge requirements from the State of California before disturbing Warren Creek, its banks, tributaries, and other onsite federal waters including Lake Poway; and failing to fully enforce the CWA and the 2013 MS4 Permit's requirements against the residents of Warren Canyon upstream of Lake Poway to stop the recurring pollution resulting from unpermitted stream crossings on private property over Warren Creek. Furthermore,

the City of Poway has failed to adequately address the phosphorous-laden and the nutrient-rich non-storm spring water which has exceeded Poway's non-storm water action levels (NALs) as established by the 2013 MS4 Permit for several constituents that has been discharged into its MS4 at Warren Crossing and into Lake Poway on a daily basis during the six months of 2019 when there has been non-storm water stream flow through Warren Canyon.

This Court dismissed all of these allegations from Plaintiff's TAC without leave to amend. (ECF 59.) At this point, Plaintiff requests to remove the three remaining claims from the TAC via a motion to amend under Fed. R. Civ. Pro. 15(a)(2) (which can be construed as motion for voluntarily dismissal). Plaintiff also requests that this Court enter final judgment on all claims dismissed by this Court in its May 13, 2022 Order under Fed. R. Civ. Pro. 58(a) so that Plaintiff can pursue an appeal of that Order in the Ninth Circuit Court of Appeals.

III. STANDARD OF REVIEW

Federal Rule of Civil Procedure 15(a)(2) allows for the amendment of pleadings with leave of court before trial. Fed. R. Civ. P. 15(a)(2). The Rule further provides that "[t]he court should freely give leave when justice so requires." Id. Because Rule 15(a) instructs that leave to amend pleadings should be "freely" given, the standard of review is liberal. Indeed, the Ninth Circuit has instructed that the rule "should be interpreted with 'extreme liberality,'" Jackson v. Bank of Hawaii, 902 F.2d 1385, 1387 (9th Cir. 1990) (quoting U.S. v. Webb, 655 F.2d 977, 979 (9th Cir.

1981)), and "[a]n outright refusal to grant leave to amend without a justifying reason is . . . an abuse of discretion." Smith v. Constellation Brands, Inc., 725 Fed.Appx. 504, 507 (9th Cir. 2018) (quoting Leadsinger, Inc. v. BMG Music Publ'g, 512 F.3d 522, 532 (9th Cir. 2008) and citing Foman v. Davis, 371 U.S. 178, 182 (1962)). A district court only has discretion to deny leave to amend "'due to . . . repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of amendment, [and] futility of amendment.'" Id. (quoting Zucco Partners, LLC v. Digimarc Corp., 552 F.3d 981, 1007 (9th Cir. 2009) and Leadsinger, Inc., 512 F.3d at 532).

Under Federal Rule of Civil Procedure 15(a), the Court may grant Plaintiff leave to amend the Complaint in order to dismiss one or more claims. See Hells Canyon Pres. Council v. United States Forest Serv., 403 F.3d 683, 687-689 (9th Cir. 2005); cf. Am. States Ins. Co. v. Dastar Corp., 318 F.3d 881, 888 & n.8 (9th Cir.2003) (construing a consensual dismissal of individual claims as a Rule 15(a) amendment). Although "[a] plaintiff may not use Rule 41(a)(1)(i) [of the Federal Rules of Civil Procedure] to dismiss, unilaterally, a single claim from a multi-claim complaint," Ethridge v. Harbor House Restaurant, 861 F.2d 1389, 1392 (9th Cir. 1988), a plaintiff's voluntary dismissal of a single claim is subject to Rule 15 rather than Rule 41 only as a technical matter. See Hells Canyon, 403 F.3d 683, 689 (9th Cir. 2005) ("[T]he fact that a voluntary dismissal of a claim under Rule 41(a) is properly labeled an amendment under Rule 15 is a technical, not a substantive, distinction." (citation

and quotations omitted)). "[A] district court may permit withdrawal of a claim under Rule 15 subject to the same standard of review as a withdrawal under Rule 41(a)." Wakefield v. Northern Telecom, Inc., 769 F.2d 109, 114 n.4 (2d Cir.1985) (internal citations omitted); 8 James Wm. Moore et al., Moore's Federal Practice ¶ 41.13[6] (3d ed.2002); 6 Charles Alan Wright, Arthur R. Miller & Mary Kay Kane, Federal Practice and Procedure § 1479 (2d. ed 2002). A motion for voluntary dismissal should be granted "unless a defendant can show that it will suffer some plain legal prejudice as a result." Smith v. Lenches, 263 F.3d 972, 975 (9th Cir. 2001) (citations omitted). "[L]egal prejudice means prejudice to some legal interest, some legal claim, some legal argument." Id. at 976 (internal quotation and citation omitted). Mere inconvenience by a voluntary dismissal without prejudice and the possibility of future litigation on removed claims from a complaint does not justify denying a plaintiff's request to amend his Complaint to withdraw a claim. Lopez-Valenzuela v. Maricopa County, 2011 WL 13141501, at *2 (D. Ariz. May 13, 2011). "The Supreme Court has stated that 'the mere prospect of a second lawsuit' is not the type of prejudice that should prevent the district court from granting voluntary dismissal without prejudice...." Mechmetals Corp. v. Telex Computer Prods., Inc., 709 F.2d 1287, 1294 (9th Cir. 1983) (quoting Cone v. W. Va. Pulp & Paper Corp., 330 U.S. 212, 217 (1947)). "It is axiomatic that prejudice does not attach to a claim that is properly dropped from a complaint under Rule 15(a) prior to final judgment." Hells Canyon Pres. Council v. U.S. Forest Serv., 403 F.3d 683, 690 (9th Cir. 2005).

Furthermore, "[a]lthough [Rule 15] appears to require the cumbersome process of filing a motion to amend and then the filing of redrafted complaint, the court in Hells Canyon affirmed the district court by construing the dismissal under Rule 41 as the granting of leave to amend to remove the claims in question." United States v. Hill, 2020 WL 5502327, at *2 (E.D. Cal. Sept. 11, 2020), report and recommendation adopted, 2020 WL 6158232 (E.D. Cal. Oct. 21, 2020); see Hells Canyon, 403 F.3d at 687 (construing district court's dismissal of a claim under Rule 41 "as approval of... amendment of the complaint to excise that claim.").

A plaintiff can request that the Court enter final judgment on claims dismissed by the Court under Federal Rules of Civil Procedure 58(d), which states that "[a] party may request that judgment be set out in a separate document as required by Rule 58(a)." See Dolores Press, Inc. v. Robinson, 2017 WL 6043980, at *2 (C.D. Cal. Jan. 5, 2017); Amir v. Reed, 979 F.2d 854 (9th Cir. 1992) (unpublished decision).

IV.   DISCUSSION

Plaintiff requests to excise from his Third Amended Complaint the following three remaining claims: 1) that Poway has violated the Permit by failing to obtain a Waste Discharge Requirement for Pipperin Crossing (a portion of Claim 6); 2) that Poway violated Permit Section E.3.a.(1) by failing to properly implement required BMPs (a portion of claim 7); and 3) that Poway violated the ESA by cutting the Del Mar Manzanita (a portion of claim 8). Plaintiff is not acting in bad faith or with a dilatory motive in making this request, and the City of Poway would not be

prejudiced by the removal of these claims from Plaintiff's Third Amended Complaint. Also, with the removal of these three remaining claims, there will be no more operative claims in Plaintiff's Third Amended Complaint due to the Court's May 13, 2022 Dismissal Order (ECF 59). Although Local Civil Rule 15.1 seemingly requires a proposed amended pleading to be submitted with the instant motion to "amend," Plaintiff is not seeking to amend and file a Fourth Amended Complaint at this time but is merely seeking to remove claims from his TAC; for this reason, the Local Civil Rule 15.1's amendment procedures should not apply to Plaintiff's request to voluntarily dismiss the three remaining claims in his TAC. See United States v. Hill, 2020 WL 5502327, at *2 (E.D. Cal. Sept. 11, 2020), report and recommendation adopted, 2020 WL 6158232 (E.D. Cal. Oct. 21, 2020).

Should the Court grant Plaintiff's motion to voluntarily dismiss his three remaining claims in his TAC, Plaintiff requests that this Court subsequently enter final judgment on all other claims dismissed by this Court in her May 13, 2022 Order (ECF 59) so that Plaintiff can pursue an appeal of that Order in the Ninth Circuit Court of Appeals.

///

///

///

///

///

## V. CONCLUSION

Plaintiff respectfully requests that the Court dismiss his three remaining claims without prejudice and enter final judgment on all other claims dismissed by this Court in her May 13, 2022 Order.

Respectfully submitted,

DATED: June 7, 2022

By: /s/ Kevin T. Kelly

KEVIN T. KELLY
*Pro Se* Plaintiff
ktkelly@me.com

Clear Form

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Kevin T. Kelly | Case No. 18cv2615 |
| vs. | **DECLARATION OF SERVICE** |
| City of Poway, a municipal corp. | Person Served: City of Poway |
| | Date Served: 06/07/22 |

I, the undersigned declare under penalty of perjury that I am over the age of eighteen years and not a party to this action; that I served the above named person the following documents:
Motion to Amend
in the following manner: (check one)

1) By personally delivering copies to the person served.

2) By leaving, during usual office hours, copies in the office of the person served with the person who apparently was in charge and thereafter mailing (by first-class mail, postage prepaid) copies to ther person served at the place where the copies were left.

3) By leaving copies at the dwelling house, usual place of abode, or usual place of business of the person served in the presence of a competent member of the household or a person apparently in charge of his office or place of business, at least 18 years of age, who was informed of the general nature of the papers, and thereafter mailing (by first-class mail, postage prepaid) copies to the person served at the place where the copies were left.

4) **X** By placing a copy in a separate envelope, with postage fully prepaid, for each address named below and depositing each in the U.S. Mail at El Centro on June 7, 2022.

Alan Fenstermacher, Rutan & Tucker LLP
18575 Jamboree Rd, 9th Floor
Irvine, CA 92612

Joshua Levine
1849 Sawtelle Blvd.
Suite 500
LA, CA 90025

Executed on June 7, 2022 at El Centro, CA.

*[signature]*

::ODMA\PCDOCS\WORDPERFECT\14560\2 May 5, 1999 (10:01am)