UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KEVIN T. KELLY,<br><br>　　　　　　　　　Plaintiff,<br><br>v.<br><br>CITY OF POWAY, a municipal corporation,<br><br>　　　　　　　　　Defendant. | Case No.: 18cv2615-JO-DEB<br><br>**ORDER GRANTING PLAINTIFF'S REQUEST FOR VOLUNTARY DISMISSAL** |

*Pro se* Plaintiff Kevin T. Kelly[1] moved to voluntarily dismiss his three remaining claims under either Federal Rule of Civil Procedure 15 or Federal Rule of Civil Procedure 41, and requested that the Court enter judgment as to all claims under Federal Rule of Civil Procedure 58.  Dkt. 64.  For the reasons stated below, the Court grants the motion.

---

[1] Plaintiff states that he is an attorney practicing in California.  *See, e.g.*, Dkt. 44-5.

1

## I.   DISCUSSION

On May 13, 2022, the Court granted in part and denied in part Defendant's motion to dismiss Plaintiff's third amended complaint. Dkt. 59. In its order, the Court granted Defendant's motion to dismiss but found that three of Plaintiff's claims survived: (1) Claim 6 regarding Defendant's failure to obtain "Waste Discharge Requirements" for Pipperin Crossing in violation of its Permit; (2) Claim 7 regarding Defendant's failure to properly implement "best management practices" in violation of its Permit; and (3) Claim 8 regarding Defendant's violation of the Endangered Species Act by cutting the Del Mar Manzanita. *See id.* The Court dismissed Plaintiff's remaining claims without prejudice but did not grant leave to amend because Plaintiff did not ask for it. *See id.*

On June 7, 2022, Plaintiff filed a motion requesting that the Court dismiss his three remaining claims pursuant to either Rule 15 or Rule 41. *See* Dkt. 64. In this motion, Plaintiff requests to dismiss "his three remaining claims without prejudice and enter final judgment on all other claims," which would dispose of the entire action. *Id.* at 3, 5, 10. Plaintiff makes clear that he is seeking this dismissal so that he can stand on his third amended complaint and file an appeal on the merits of the question whether the complaint is adequate as a matter of law. *See id.* at 9; *Edwards v. Marin Park, Inc.*, 356 F.3d 1058, 1065 (9th Cir. 2004) (discussing a plaintiff's "right to stand on a complaint" and seek appellate review). Although Plaintiff's filing is captioned as a motion seeking leave to amend, the Court therefore construes this motion as a request for voluntary dismissal and entry of judgement, consistent with Plaintiff's intent.

The Court finds that Plaintiff is entitled to voluntary dismissal of the action at this juncture. Under Rule 41(a)(1), a "plaintiff may dismiss an action without a court order by filing . . . a notice of dismissal before the opposing party serves either an answer or a motion for summary judgment." Fed. R. Civ. P. 41(a)(1). Here, Defendant has filed neither and, moreover, they do not object to Plaintiff's request for voluntary dismissal. *See* Dkt. 68. Accordingly, Plaintiff is entitled to voluntarily dismiss this action.

///

## II.   CONCLUSION AND ORDER

For the reasons discussed above, the Court GRANTS Plaintiff's request for voluntary dismissal [Dkt. 64]. The action is dismissed without prejudice and the Clerk of the Court is instructed to close this matter and enter judgment pursuant to Rule 58 of the Federal Rules of Civil Procedure.

**IT IS SO ORDERED**.

Dated:  September 22, 2022

_____
Hon. Jinsook Ohta
United States District Judge